## RECOVERY FOR DEATH OF A CHILD IN AN ELEVATOR.

Circuit Court of Cuyahoga County.

ALEXANDER CAMPBELL v. BUELA TARR, ADMINISTRATRIX OF THE ESTATE OF JAMES WINIFORD TARR.

Decided, March 20, 1911.

*Wrongful Death—Infant—Negligence of Beneficiary—Amount of Judgment.*

In an action for the wrongful death of a child five years old, a judgment for $1,800 will not be set aside, though there is some evidence that the mother, one of the beneficiaries. was negligent, and that the father had deserted the mother and child.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

The relation of the parties here is the reverse of that which they sustained to one another in the court of common pleas, but they will be spoken of here as they stood in the court below.

Plaintiff recovered judgment, under the statute authorizing such actions, for wrongfully causing the death of plaintiff's decedent.

On the 25th of January, 1908, decedent, who was then five years old, was killed in an elevator operated in a large building owned by the defendant.

This building was several stories high and was occupied in the stories above the ground floor, by a considerable number of tenants, for living rooms. Plaintiff, who was the mother of the deceased, lived in one of the upper suites, together with plaintiff's mother.

The elevator was in common use by the tenants of the upper floors, for going up and down.

Without question, the evidence shows that the defendant allowed this elevator to be and remain for a long time so out of repair as to render it unsafe. The door could be so far opened by any one as to permit entry to the elevator.

The decedent, while at play in the lower hall of the building, got into this elevator, which he could not have done but for the negligent manner in which it was maintained by the defendant, of which negligence the defendant was surely chargeable with knowledge. The elevator was moved upward and the child crushed.

Owing to the age of the child no want of care on his part could affect the question of recovery in the action.

Since, however, this action can be maintained only for the benefit of the next of kin of the deceased, as provided in Section 6135, Revised Statutes (General Code, 10772, 10773), and since any such next of kin whose negligence contributed to the death is not entitled to any compensation on account of such death, as held in *Wolf, Adm'r,* v. *Railway Company,* 55 Ohio St., 517, the question of the negligence of this plaintiff, mother of deceased, becomes a subject of inquiry.

The mother was employed in a store on the east side of the river. The defendant's building in which she, her mother and

her child lived, is on the west side of the river, a considerable distance from her place of employment. On the day of the accident she came to her home for her noon meal. Having eaten, she went down to the ground floor, accompanied by her little son, bade him good-bye at the door, and left for her work.

Without going into details, we think the jury might well have reached the conclusion, as they probably did, that she exercised ordinary care for the protection of her child. We have said the jury probably found, and might well have found, that the mother was not negligent. However, if they found otherwise as to her, it would not *necessarily* have barred a recovery, because the father of the child was living, and, under the statute, is one of those for whose benefit the action may be maintained. Under the facts, however, as disclosed in this case, the jury would not be likely to do much for the father. And as the verdict was for $2,500 it can not be doubted that the jury found, as to the charge of negligence against the mother, in her favor.

Section 6135, Revised Statutes (General Code, 10773), provides that the amount recovered shall be apportioned among the beneficiaries by the court by whom the administrator is appointed; so with such distribution this court has nothing to do, nor has the court of common pleas anything to do with it. The amount returned by the jury was the gross sum of $2,500. This is in accordance with the statute, and with the holding of the court in *Wolf, Adm'r,* v. *Railway Co., supra.* In this case it is said in the opinion at page 536:

"As to the beneficiaries found guilty of contributory negligence, no damages should be awarded on their account, and the jury should find in its verdict, which, if any, of the beneficiaries were guilty of such contributory negligence."

The verdict in the present case makes no finding that any beneficiary was chargeable with negligence, and therefore the presumption is they found, as hereinbefore suggested, that the mother was not negligent.

No negligence could be charged to the father in the case.

On motion for new trial, the court, as condition for not granting a new trial required a remittitur of $700 from the amount

found by the jury. This remittitur was made and judgment entered for $1,800.

As we find no error on the record, the judgment is affirmed.

## DISMISSAL OF A CASE ON APPEAL NOT A BAR TO A NEW ACTION.